ANN MORRISSEY

*v.*

JOHN W. STEPHENSON.

1. MARRIED WOMEN — *occupying land in their own right can not be ejected on judgment against husband.* When a man dies in possession of real estate occupied by himself and family as a homestead, under claim of title, and the family continue to occupy it after his death, and the widow marries again, and her second husband resides with her and her family upon the same land, she can not be dispossessed under a writ of possession issued upon a judgment in ejectment against her second husband alone.

2. EVIDENCE — *in forcible entry and detainer.* In an action of forcible entry and detainer against a married woman, where the record of a judgment in ejectment against her husband and her expulsion from the premises thereunder was admitted in evidence, against her objection, it was *held* erroneous to exclude testimony tending to show that she was in possession under a homestead right in herself and children, as widow of a former husband, and independent of any right of the husband who was the defendant in the ejectment suit in the premises.

APPEAL from the Circuit Court of Lee County ; the Hon. W. W. HEATON, Judge, presiding.

Messrs. RICHOLSON & SNOW, for the appellant.

Mr. D. L. HOUGH, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court :

This was a suit of forcible entry and detainer by John W. Stephenson against Ann Morrissey, wherein there were a verdict and judgment for the plaintiff and appeal taken by the defendant.

The evidence shows that in August, 1873, on one Saturday, the deputy sheriff of LaSalle county, having in his hands a writ of possession issued from the circuit court of said county upon a judgment in an ejectment suit in favor of Hough and Hitt, plaintiffs, against William Morrissey alone, defendant, under and by virtue of the writ ejected appellant, Ann Morrissey, from the house on the premises,

situate in LaSalle, LaSalle county, and moved the furniture in the house off from the premises. Hough was in company with the officer, and was put in possession by the latter, as he says. The officer returned the writ as executed by ejecting William Morrissey and putting Hough in possession. William Morrissey, who was the husband of appellant, was absent at the time. After fastening the door, Hough and the officer went away. Subsequently, on the same day, appellant effected an entrance into the house through a window, and unfastened the door, and slept in the house that night, as also the following Sunday night, in a bed upon the floor with her two children. Early on the following Monday morning she went to Ottawa, leaving her two children in bed on the floor of the house, as she testifies. During her absence, on that day, appellee, in company with Hough, went upon the premises with the view of renting the same; they found no one there, and nothing in the house they could discover, and Hough made a lease of the premises to appellee, who moved a stove and some other things into the house, and was there engaged in making some repairs, and while thus engaged, on that same day, appellant returned from Ottawa, found appellee there, ordered him out of the house, and together with another woman who was with her made demonstrations of violence toward him with their fists and a shovel, as he testifies, in consequence of which he left the house, and they put his things out. Appellee was thus in the house about two hours. It is upon this the complaint in the suit is founded.

The court gave to the jury the following instruction for plaintiff below:

"4. The jury are further instructed that, when husband and wife are living together as such, the husband is the head of the family, and the domicile or house of the husband is the domicile of the wife, and any legal proceedings against the husband regarding the possession of the house occupied by them as such domicile is equally binding on the wife as on the husband; and in this case, if the jury believe

from the evidence that the defendant was living with her husband, William Morrissey, in the house upon the premises in controversy in this suit at the time of the judgment in ejectment against him, a transcript of which has been read in evidence, then the defendant was as much bound by said judgment as her husband, and under the writ of possession read in evidence the officer executing the same had as much right to dispossess her of said premises as he had her husband.''

On the trial, the defendant below offered to introduce testimony that one Patrick Conolly and defendant were married in the year 1852; that in that year, with their joint means and labor, they built a house on the premises, and occupied the same as a homestead from that time until the death of Patrick Conolly, some twelve years afterward, who died leaving infant children of theirs; that ever since she with the children had continued to occupy the premises; that about the year 1870 she married William Morrissey, who, after the marriage, resided with the defendant and her children upon the premises; that he never expended any labor or money on the premises, and never claimed any right or interest in them; that at the time of the interference by the deputy sheriff and Hough with her possession the premises were claimed and occupied by her in her own right and that of her infant children, and she so stated to them at the time. The court rejected the testimony; to which, as well as giving the above instruction, exception was taken.

Error is assigned in the giving of the instruction and rejection of the testimony.

The ruling of the court in the exclusion of evidence is attempted to be justified on the ground that it went to show title and right of possession in appellant, and that they can not be drawn in question in this form of action, as this court has often decided. But the writ of possession and the judgment and proceedings in the ejectment suit against William Morrissey had been, against the objection of appellant,

admitted in evidence in behalf of appellee, and in rebuttal of that evidence the proffered testimony would seem to have been admissible; it certainly would have tended to counteract the effect, whatever it might be, of that evidence on the part of appellee. Had the rejected evidence been received, in view of that the fourth instruction for appellee would have been improper. Such evidence would have tended to show a homestead right in the premises in the appellant, for the benefit of herself and infant children, to continue as a home for them for her life and until the youngest child reached majority. In the case of such homestead right, they would have held and occupied the premises in their own right as their own property, entirely independent of the husband, William Morrissey; and the judgment and writ of possession thereon in the ejectment suit against William Morrissey alone would have been of no effect whatever as against appellant and her children; and the appellant could not have been rightfully dispossessed under the writ of possession. In deciding whether there be error in the record, it is proper to view the rejected evidence as in the case, and with that in, the instruction would have been erroneous. For the errors indicated the judgment is reversed and the cause remanded.

*Judgment reversed.*