ANDREW YEATES

*v.*

ELIZABETH BRIGGS.

*Filed at Ottawa May 18, 1880.*

1. HOMESTEAD—*of widow not terminated by her marriage.* The right of a widow to the homestead of her deceased husband as against deeds of trust given by her and her husband while the Homestead acts of 1851–7 were in force, which deeds fail to release the homestead, is not defeated or lost by her subsequent marriage, but continues until her death, unless it is released under the statute or waived by abandonment.

2. FORMER ADJUDICATION—*as to matter not involved, is no bar.* In an action of ejectment by a party claiming under a deed of trust, against a widow, for the recovery of premises claimed as a homestead, the court found in its judgment the fee to be in the plaintiff, subject to the right of homestead in the defendant until her youngest child should arrive at the age of twenty-one years. After the majority of such child another action of ejectment was brought against her and the former judgment was interposed as a bar to her right: *Held,* that such finding was no bar to the assertion of her right to the homestead in the second action. That part of the judgment fixing the duration of her right of homestead was a nullity, it being a finding as to a matter not involved in the prior action.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding.

This was an action of ejectment by Andrew Yeates against David Briggs originally, but afterwards Elizabeth Briggs, his wife, was substituted as defendant.

On the trial the record of a judgment in a former action of ejectment against the defendant was introduced in evidence, showing a trial by the court, and judgment, in which the court found the fee in the land to be in the plaintiff, subject to the right of homestead in the said Elizabeth Briggs until her youngest child by Jacob Hertz (her former husband) arrived at the age of twenty-one years, and. adjudging that the plaintiff pay the costs. It also appeared that in February, 1879, her youngest child by Hertz became twenty-one years

old. The court found for the defendant and gave judgment against the plaintiff for costs, to reverse which this writ of error is prosecuted.

Mr. HARRISON LORING, for the plaintiff in error:

Jacob Hertz and wife made two deeds of trust on the land in controversy, each containing a power of sale, but neither deed nor certificates of acknowledgment mentioned any release of the homestead. He and his wife occupied the land as their homestead at the time and until his death. After his death the widow, Elizabeth, intermarried with the defendant David Briggs, and continued to reside upon the premises. The land was sold to the plaintiff under both deeds of trust, and he conveyed the same to Joseph Darby, who commenced an action of ejectment against David Briggs, claiming to be the owner in fee of the land, and his wife was afterwards made a party defendant. The cause was tried by the court without a jury, who found that the fee of the land was in Joseph Darby, subject to the right of homestead in Elizabeth Briggs until her youngest child by her former husband, Jacob Hertz, arrived at the age of twenty-one years. Afterwards Darby conveyed the land to the plaintiff in error, and in February, 1879, the youngest child became of age, and in August following the plaintiff in error commenced this action.

Elizabeth Briggs had the right to manage her own estate prior to and at the time of the first trial, (see Rev. Stat. 1874, 577–9,) the right to sue and be sued (ibid. p. 445, sec. 1,) and the right as landlord to be made a party to the action, (ibid. p. 445, sec. 18,) and as the court had jurisdiction of the parties and subject matter, it was its duty to find the fee in the land in Darby, subject to a right of homestead in Elizabeth Briggs until her youngest child became twenty-one years of age. Rev. Stat. 1874, p. 446, sec. 30; *Rawlings* v. *Bailey*, 15 Ill. 179; *Koon* v. *Nichols*, 63 id. 163.

Where the circuit court has jurisdiction of the parties and subject matter, any judgment entered in reference to the

parties or property involved, however erroneous, is not void, but binding on parties and privies until reversed. *Stemple* v. *Thomas,* 89 Ill. 146 ; *Chestnut* v. *Marsh,* 12 id. 173 ; *Rockwell* v. *Jones,* 21 id. 289 ; *Feaster* v. *Fleming,* 56 id. 457 ; *Thomas* v. *Morris,* 27 id. 333 ; *Embury* v. *Conner,* 3 Com. 522 ; *Doty* v. *Brown,* 4 id. 73 ; *Voorhees* v. *Bank of the United States,* 10 Pet. 473 ; *Gardner* v. *Buckbee,* 2 Cow. 120.

There was no authority of law for the circuit judge to sit as a court for the correction of errors in respect to the final judgment in the action between Darby and the defendant. . If that judgment was erroneous, it could only have been avoided by a direct proceeding for that purpose, and could not be attacked for error in this action. *Weimer* v. *Heintz,* 17 Ill. 259 ; *Wimberly* v. *Hunt,* 33 id. 166 ; *Wight* v. *Walbaum,* 39 id. 555 ; *Elston* v. *City of Chicago,* 40 id. 514 : *Mulford* v. *Stalzenbach,* 46 id. 303 ; *Huls* v. *Buntin,* 47 id. 396 ; *Cooper* v. *Reynolds,* 10 Wall. 308 ; *Stovel* v. *Banks,* 10 Wall. 583.

These rules apply to judgments in ejectment under the modern practice in such actions. *Miles* v. *Caldweld,* 2 Wall. 36 ; *Detgen* v. *Ross,* 54 Ill. 79 ; *Cadwalder* v. *Harris,* 76 id. 370 ; *Sturdy* v. *Jackway,* 4 Wall. 174 ; *Ryers* v. *Rippey,* 25 Wend. 431.

A judgment determining the title to land makes a part of the title, and runs with the land. *Wilson* v. *Davol,* 5 Bosw. 619.

Mr. WILLIAM POTTER, for the defendant in error:

Homestead, as created by the acts of 1851 and 1857, was a homestead to the widow and family, some one of them continuing to occupy the same, until the youngest child became twenty-one years of age and until the death of such widow. Gross' Stat. 1869, p. 327, 1 ; *Turner* v. *Bennett,* 70 Ill. 263.

The Homestead act is a remedial one, and the rule in construing such statutes is, that everything is to be done in advancement of the remedy that can be done, consistently with

any fair construction that can be put upon the same. *Chicago, Burlington and Quincy R. R. Co.* v. *Dunn,* 52 Ill. 260.

The right is conferred by statute, and can be divested only in the mode prescribed by statute. *Wing* v. *Croffer et al.* 35 Ill. 256.

Where a person not under disability is sued and the homestead is involved, it will be affected by any neglect to assert it precisely as any other right. *Wright* v. *Dunning,* 46 Ill. 271; *Buck* v. *Conologue,* 49 id. 391.

Where a husband and wife occupy a homestead and the husband dies, and his widow remaining on the premises takes a second husband, who lives with her upon such homestead, she will still be entitled to the homestead. *Morrissey* v. *Stephenson,* 86 Ill. 344.

Section 4 of the Ejectment act, in force July 1, 1872, provides that no person shall recover unless entitled to possession. Rev. Stat. 1874, p. 444.

An opinion expressed by a court, but not necessarily involved in the case, lacks the force of an adjudication. Bouvier's Law Dict., title " Dictum."

A judgment is conclusive only upon the matter which was directly in issue upon the former trial. Herman's Law of Estoppel, 183, 184.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of ejectment, brought by Andrew Yeates, to recover premises in possession of defendant. Originally, the action was brought against David Briggs, but on motion: Elizabeth Briggs was substituted as defendant, and the suit has since progressed against her.

Defendant was the wife of Jacob Hertz, since deceased, and the premises were the homestead of her husband and herself during his lifetime. The title, plaintiff claims, was derived under two trust deeds executed by Jacob Hertz, defendant joining with him in the execution, but neither deed contained any release of the homestead. Still retaining posses-

sion of the premises, defendant claims a homestead therein, and sets up that right as a defence to this action. It is not denied that defendant had and still has a homestead in the premises, unless that right is barred by the act of her second marriage, or by the former judgment of the court between the parties. Neither position is maintainable. The homestead acts of 1851–7, in force when the trust deeds were made, saved the homestead "to the widow and family　*　*　*　* until the youngest child shall become twenty-one years of age and until the death of such widow." The fact the widow has since married does not change her rights under the statute. Notwithstanding her marriage since the death of her former husband, she is still entitled to homestead, as she would be to dower, in the lands of her deceased husband. The statutory declaration is, that such homestead shall continue "until the death of such widow," and it will not be sooner barred except by release under the statute or by abandonment. *Morrissey* v. *Stephenson*, 86 Ill. 344.

As respects the finding in the former case, that defendant had the right of homestead in the premises "until her youngest child by Jacob Hertz arrived at the age of twenty-one years," it may be treated as no part of the judgment rendered in the cause. The duration of defendant's right of homestead was not a matter in issue. That was fixed by statute. All that was involved in that litigation was the title of plaintiff to the premises and his right to immediate possession. Any finding by the court as to matters not involved nor litigated between the parties was a nullity, and of course binds no one.

The judgment will be affirmed.

*Judgment affirmed.*