Angelo Erwin Nicolai, Executor under Will of Louis B. Erwin, Deceased, Appellant, v. Flora Reinbold et al., Appellees.

**Gen. No. 45,233.**

Opinion filed March 13, 1951. Rehearing denied April 4, 1951. Released for publication April 6, 1951.

LLOYD W. LEHMAN, of Chicago, for appellant.

VAN DUZER, GERSHON & QUINLAN, of Chicago, for certain appellees; JOHN B. VAN DUZER, of Chicago, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

On September 13, 1945, Louis B. Erwin, a resident of Cook county, Illinois, died, leaving a last will and testament, paragraph 4, subparagraph (h) of which provided as follows: "I give and bequeath to my deceased wife's sister, Lucy W. Gardner, or, if she shall die during my lifetime, to her widowed husband, surviving me, the share of One-Ninth (1/9) of said residue." Lucy W. Gardner died during the lifetime of the testator, and Fletcher Gardner remarried. No changes were made by Louis B. Erwin in his will. After his death plaintiff filed a complaint in the superior court asking that paragraph 4, subparagraph (h), of the will be construed by the court, it being contended that by his remarriage Fletcher Gardner forfeited his right to a one-ninth share of the residue. Plaintiff appeals from the decree declaring that Fletcher Gardner was entitled to receive the share of one-ninth of the residue of Erwin's estate.

As the sole ground urged for reversal, plaintiff argues that a widower who has married again cannot be a "widowed husband," therefore Fletcher Gardner was not the "widowed husband" of Lucy W. Gardner at the time of the testator's death, and accordingly subparagraph (h) of the will should fail to take effect as a testamentary disposition. There is abundant authority holding that the term "widow" includes a woman whose first husband has died and who has remarried. *In re Ray's Estate,* 13 Misc. 480, 35 N. Y. Supp. 481; *Davis v. Neal,* 100 Ark. 399; 140 S. W. 278; *Duckett v. Kansas Soldiers' Compensation Board,* 145 Kans. 520, 66 P. (2d) 410. The Illinois case of *People v. Snyder,* 353 Ill. 184, passed on the meaning of the term "husband of the daughter" in connection with the application of the Inheritance Tax Act to the facts of that case. The daughter of the testator had predeceased him, and the court there held that the husband of the daughter of the testator was her husband at the time of the death of the testator, within the meaning of the term as used in the Inheritance Tax Act; and as precedent for its holding cited the New York case of *In re Ray's Estate, supra,* wherein it was held that the term "husband of a daughter" included the surviving husband of a deceased daughter although he had remarried; the court there stated that "a woman, though the wife of another, is still the widow of her former husband; though married to another woman, the husband is still the widower of his former wife. . . ." These cases seem to support the proposition that a person does not cease to be a widower or a widow by reason of his or her remarriage after the death of the first spouse.

Plaintiff relies mainly on the definition of a "widower" appearing in 68 Corpus Juris, at page 264—"a man who has lost his wife by death and has not married again"; and on the comparable definition of a

"widow" taken from Webster and adopted in *People ex rel. Mosco v. Service Board,* 403 Ill. 442—" 'a woman whose husband is deceased and who was not remarried.' " The *Mosco* decision involved construction of the Illinois Veterans' Compensation Act as applicable to the payment of compensation either to the father of a serviceman, or to the widow of a serviceman who had remarried prior to the enactment of the Act and the filing of her claim. The claimant widow had spent only five hours with her serviceman husband after the marriage ceremony inasmuch as he had to leave on a military assignment the day of their marriage, and he subsequently died in service without ever seeing his wife again. The Act itself named as the beneficiaries of a deceased serviceman "the husband or wife, child or children, mother, father," etc., but made no reference to a widower or a widow. The court took care in limiting its decision to the particular facts and circumstances there present, and evidently considered whether the surviving father of the deceased serviceman would have a more meritorious claim to the compensation benefits of the Act than a former wife of five hours; and it qualified its strict definition of "widow" by adding that for certain legal purposes, even though she remarries, she may be designated as a widow and property rights may vest in her as such.

██ It is a fundamental rule of construction that the intention of a testator as gathered from the instrument itself is controlling, and in the case at bar the language of the will indicates a clear intention on the part of the testator that Fletcher Gardner should take one-ninth of the residue. We think that in the light of the facts and circumstances Fletcher Gardner comes within the term "widowed husband" as used in the will, and that it was not the intention of the testator that his share be subject to a condition prohibiting his remarriage; the word "widowed" was meant to be

95

descriptive and not proscriptive against remarriage. Fletcher Gardner is clearly identified in subparagraph (h) as the intended beneficiary of one-ninth of the residue. If his share of the estate fails, it will be distributed to other beneficiaries already provided for under the will, and nothing therein indicates that such was the testator's intention. If he had any contrary intention he could have changed his will after Fletcher Gardner remarried.

For the reasons indicated the decree of the Superior Court is affirmed.

*Decree affirmed.*

Schwartz, P. J., and Scanlan, J., concur.