(No. 4468—)

WILLIAM J. TEBEAU, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 14, 1951.*

FRANK J. MC GARR, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, William J. Tebeau, presents to this Court a new question, which also carries with it the hopes of several thousand disappointed veterans of World War II to whom the payment of a bonus under the Illinois World War II bonus law has been denied by the Service Recognition Board. Ill. Rev. Stat., 1951, Chap. 126½, Secs. 47-57.

Claimant served over 35 months in the United States Navy during World War II, all but 19 days of his service being within the period for which a bonus could have been paid. He alleges that he was a resident of the State of Illinois on October 5, 1942, the date he entered the Navy. However, after filing his application in apt time, he was unable to convince either the Service Recognition Board, or the Board of Review of such Board, that he was a resident of this State on October 5, 1942. The final administrative action denying his claim for bonus payment was taken by said Board of Review on September 5, 1950, and he filed his case in this Court on July 27, 1951 seeking an award for the amount of bonus he states the Service Recognition Board unjustly denied to him.

Respondent has filed a motion to dismiss predicated on several grounds, only one of which need be considered in this opinion.

This Court has long been committed to the rule that it has no jurisdiction of a case that can be, or could have been litigated in the courts of general jurisdiction in this State. *Moline Plow Co.* vs. *State*, 5 C.C.R. 277.

More recently in *Barrett* vs. *State*, 13 C.C.R. at page 17, this Court said:

"The Legislature in creating the Court of Claims did not intend that it should usurp the powers of, contradict, or compete with courts of general jurisdiction."

If claimant had, or has, a remedy in the courts of general jurisdiction in this State, he has no remedy in this Court.

His complaint in essence alleges an abuse of discretion. *Mandamus* is one remedy to correct such abuse. *Nichols Illinois Civil Practice Act*, Vol. 7, Sec. 7160. That a petition for *mandamus* may be used to compel

the Service Recognition Board to pay a bonus claim it has arbitrarily denied was decided in *People ex rel Mosco* vs. *Service Recognition Board,* 403 Ill. 442.

The motion of respondent to dismiss is, therefore, allowed, and the claim of claimant, William J. Tebeau, is dismissed.