(No. 4711-)

JUAN B. GUIAB, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1956.*

CHARLES D. CALLAHAN, Attorney for Claimant.

LATHAM CASTLE, Attorney General; BERNARD GENIS, Assistant Attorney General, for Respondent.

WHAM, J.

This cause comes before us on a motion of respondent to dismiss the complaint of claimant on several grounds, one of which is that this Court has no jurisdiction to determine the alleged claim set forth in the complaint.

Claimant, in his complaint, alleges that on November 21, 1950 his claim for the payment of a bonus under the

Illinois World War II Bonus Law was denied by the Service Recognition Board for the reason that he was not a resident of Illinois at the time he entered active service. Claimant alleges that, notwithstanding this finding by the Service Recognition Board, he, in fact, was a resident of the State of Illinois, and, when inducted into the service, he was temporarily residing in Carmel, California.

Although no prayer for relief is stated, we will treat the complaint as if claimant prayed that an award be granted in the amount to which he would have been entitled had the Service Recognition Board found that he was a resident of the State of Illinois.

This question has been before this Court of Claims in the case of *Tebeau* vs. *State*, 21 C.C.R. 143, in which case this Court, in dismissing the complaint for lack of jurisdiction, said at pages 144-145:

"If claimant had, or has, a remedy in the courts of general jurisdiction in this state, he has no remedy in this Court.

His complaint in essence alleges an abuse of discretion. Mandamus is one remedy to correct such abuse. *Nichols Illinois Civil Practice Act*, Vol. 7, Sec. 7160. That a petition for mandamus may be used to compel the Service Recognition Board to pay a bonus claim it has arbitrarily denied was decided in *People ex rel Mosco* vs. *Service Recognition Board*, 403 Ill. 442."

Claimant cites no authority granting this Court jurisdiction. The only authority for this Court to act in matters involving claims for bonuses, which has come to our attention, is the recent enactment by the Legislature, being Par. 65, Chap. 126½, Ill. Rev. Stats., (1955 State Bar Association Edition), which grants jurisdiction to this Court to consider certain claims falling within a limited category. It is apparent from a reading of this statute that claimant's claim does not come within its purview, said paragraph of the statute reading as follows:

"Any person who had a claim, which would have been compensable by the Service Recognition Board except that during the period for filing claims such person was ineligible by reason of a dishonorable discharge from service, who prior to July 1, 1953, has or shall have such discharge reviewed, and has obtained or shall obtain an honorable discharge, and any person who had an amended or supplemental claim pending before the Service Recognition Board on May 20, 1953 but had not by that date submitted sufficient evidence upon which the Service Recognition Board could pay the amended or supplemental claim shall be entitled to have such claim considered by the Court of Claims and to have an award on the same basis as if his claim had been fully considered by the Service Recognition Board."

If the Legislature had intended this Court to assume jurisdiction of these claims, and to review the decisions of the Service Recognition Board, we believe they would have so provided. The Legislature not having so provided, we will not assume that they intended to confer jurisdiction on this Court in cases such as this one.

It is, therefore, our judgment that this Court is without jurisdiction in the matter, and respondent's motion to dismiss the complaint is hereby allowed. The complaint is hereby dismissed.