Glenn H. Sunderland, doing business as Ambraw Finance Company, a Licensee under Small Loans Act, Plaintiff-Appellee, and Cross-Appellant, v. J. Edward Day, Director of Insurance of State of Illinois, and Director of Department of Insurance of State of Illinois, Defendant-Appellant, and Cross-Appellee.

**Gen. No. 10,072.**

Third District.

August 13, 1956.

Rehearing denied October 2, 1956.

Released for publication October 2, 1956.

Latham Castle, Attorney General, State of Illinois, John L. Davidson, Jr., First Assistant Attorney General, Mark O. Roberts, Special Assistant Attorney General, Lee D. Martin, Assistant Attorney General, all of Springfield, for appellant-cross appellee.

Chapman and Cutler, of Chicago, and Gillespie, Burke & Gillespie, of Springfield, for plaintiff-appellee and cross-appellant; Roscoe C. Nash, and William J. Hurley, both of Chicago, and Hugh J. Dobbs, and Frank W. Young, both of Springfield, of counsel.

Edward A. Dunbar, of New Jersey, and Giffin, Winning, Lindner & Newkirk, of Springfield, for Beneficial Management Corp. as amicus curiae.

PER CURIAM. On December 6, 1951, plaintiff Glenn H. Sunderland d/b/a Ambraw Finance Co., a licensee under the Small Loans Act, filed a suit for a declaratory judgment pursuant to Sec. 57½ of the Civil Practice Act (Ill. Rev. Stat. 1951, Chapter 110, paragraph 181.1) against the Director of the Department of Insurance of the State of Illinois. In his third amended complaint, upon which the case was

finally heard, he alleged in substance, that he was a licensee under the Small Loans Act conducting a business in Jasper County; that he has from time to time made loans secured by chattel mortgages on personal property; that he has required borrowers, as a condition precedent to making such loans, to provide adequate insurance on said personal property with an appropriate loss payable clause; that to assist the borrower, he desires to use a requisition for insurance on such property to be signed by the borrower specifying the amount and kind of insurance and the name of the insurance company through whom the borrower desires the insurance to be issued; that he is prevented from using said requisition form by reason of Rule 15 of the Rules and Regulations effective October 1, 1950 governing the execution and enforcement of the Small Loans Act; that plaintiff has not directly or indirectly received any part of any insurance premium paid by a borrower for insurance on personal property. The third amended complaint also alleges that plaintiff desires to use credit life insurance as security for small loans and to require prospective borrowers to purchase, at their expense, as a condition precedent to the making of the loan, credit life insurance of either full coverage level term life or monthly decreasing term life in an amount equal to the principal of the loan and for a term co-extensive with the term of the loan; that he desires to use a requisition form similar to that above mentioned; that he is prevented from requiring credit life insurance as security or from taking the requisition by Rule 15 above. The complaint further alleges that pursuant to Section 21 of the Small Loans Act the Department of Insurance of Illinois on October 1, 1950 promulgated Rule 15 which is as follows:

"(a) No licensee shall solicit insurance nor take any application, requisition or request for insurance in connection with any loans to borrowers.

"(b) No insurance premium may be taken, contracted for or received by the licensee in connection with any loans to borrowers.

"(c) No borrower shall be required to purchase life insurance as a condition precedent to a loan, and no borrower shall be required to purchase any policy of insurance from any certain company, agent, broker, or person as a condition precedent to a loan."

and is enforcing said rule against him; that paragraph (c) of Rule 15 is unwarranted by any provision of the Small Loans Act and that said act does not prohibit plaintiff from requiring a borrower to furnish either property or credit life insurance as a condition precedent to making a loan and that said paragraph violates various sections of the State and Federal Constitutions. The complaint prays that paragraphs (a), and that portion of paragraph (c) which prohibits requiring a borrower to purchase life insurance as a condition precedent to a loan, of Rule 15 be declared invalid and of no force and effect; in the alternative, that if Rule 15 be adjudged to be authorized by the fourth paragraph of Section 12 of the Small Loans Act that then in that event said paragraph of Section 12 be declared unconstitutional; and that an injunction issue against the Department of Insurance enjoining the enforcement of the portions of Rule 15 above.

The Attorney General, answering for defendant, put in issue the sole questions as to the validity of paragraph (a) of Rule 15 and that part of paragraph (c) which prohibits credit life insurance as a condition precedent to a loan.

Plaintiff was the only witness who testified and his testimony tends to support the allegations of his complaint not otherwise admitted by answer. Since we deem the question involved to be largely one of law a more detailed statement of plaintiff's testimony is not considered necessary.

251

The Circuit Court entered a final decree adjudging paragraph (a) of Rule 15 to be valid and within the power vested in the Department of Insurance; adjudging that plaintiff was entitled as a matter of right to require a borrower to purchase credit life insurance, as a condition precedent to making a loan, and that that portion of paragraph (c) of Rule 15 prohibiting such practice was invalid and beyond the power vested in the Department of Insurance; adjudging the fourth paragraph of Section 12 of the Small Loans Act to be constitutional; and ordering a permanent injunction against enforcement of that portion of paragraph (c) above of Rule 15. The defendant has appealed from that portion of the decree declaring part of paragraph (c) of Rule 15 invalid and plaintiff has cross-appealed from that portion of the decree declaring paragraph (a) of Rule 15 valid.

We have been furnished with exhaustive briefs by both appellant and appellee. In addition we have granted Beneficial Management Corp. leave to file a brief as Amicus Curiae. Household Finance Corp. has filed a brief in Cause No. 10064 pending in this court covering, among other matters, the matters here involved and the Attorney General appearing for defendant and appellant has adopted the pertinent portions of said brief. These briefs have all been considered by this court.

The sole question before this court is whether those parts of Rule 15 providing that

(a) No licensee shall solicit insurance nor take any application, requisition or request for insurance in connection with any loans to borrowers, and

(c) No borrower shall be required to purchase life insurance as a condition precedent to a loan

are within the powers vested in the Department of Insurance under the Small Loans Act.

Section 21 of the Small Loans Act (Ill. Rev. Stat. 1955, Chap. 74) provides in part as follows:

"The Department is authorized and empowered to make and enforce such reasonable relevant rules, regulations, directions, orders, decisions, and findings as may be *necessary* for the execution and enforcement of the provisions of this Act *and the purposes sought to be attained herein, in addition thereto* and not inconsistent therewith."

Thus at the outset it will be noted that the Department has power to make rules and regulations

(a) To carry out the *express* provisions of the act, *and in addition thereto*

(b) To attain the purposes sought to be attained therein.

In People v. Stokes, 281 Ill. 159, 118 N. E. 87, the court adopting the language of State v. Sherman [105 Pac. 299] said:

" 'It is a matter of common knowledge, upon which the legislature is to be presumed to have acted, that in this State, at least, the taking of interest much in excess of the rate allowed by law was customarily practiced by those engaged in the business of making small loans, usually made under such circumstances to persons of small means, who by reason of their actual or supposed necessities are compelled to deal with and yield to the demands of those engaged in that business. And it may be the fact,—at least we are not advised to the contrary,—that the practice of exacting such oppressive rates of interest is very largely, if not entirely, confined to the class of persons and transactions referred to. . . . The business is so well advertised and known that the legislature, we think, was justified in regarding and treating it, and the persons engaged in it, as constituting a distinct class in the field of financial operations, and had the power to enact the statute here in question to suppress the practice, con-

ceived by the legislature to be oppressive and extortionate, growing out of the conduct of such business and such transactions.' "

and further,

"The object of the law is not to regulate the rate of interest, but, on the contrary, is to regulate the business of making loans of small sums of money to wage earners and salaried people, . . . ."

██ And in Metropolitan Trust Co. v. Jones, 384 Ill. 248, 51 N.E.2d 256, the court said:

"The object of the act seems to be to regulate those engaged in making small loans to necessitous borrowers for the protection of the borrowers."

See also Solomon v. Dunne, 264 Ill. App. 415.

In Frorer v. People, 141 Ill. 171, 31 N. E. 395, the court said:

"Usury laws proceed upon the theory that the lender and the borrower of money do not occupy towards each other the same relations of equality that parties do in contracting with each other in regard to the loan or sale of other kinds of property, and that the borrower's necessities deprive him of freedom in contracting, and place him at the mercy of the lender."

The legislative purpose and intent in enacting this legislation is apparent from the four corners of the act namely: to remedy an iniquitous situation under which necessitous borrowers of small amounts were required to pay excessive rates of interest to unscrupulous lenders,—in short, to relieve the burden of the indigent borrower against oppressive interest exactions and other charges, made under one subterfuge or another.

██ It is a well established rule that the legislature, having declared its policy and purpose and provided standards for the exercise of the power, may confer upon administrative authorities the power to enact rules and regulations to promote the purpose and spirit of the legislation and carry it into effect. People

ex rel. Mosco v. Service Recognition Board, 403 Ill. 442, 86 N.E.2d 357.

Aside from a general consideration of the purpose of the act there are important express provisions of the Small Loans Act which are contained in Sec. 13 as follows:

"Every licensee hereunder may lend . . . money . . . and may charge, contract for, and receive thereon interest . . . etc.

"In addition to the interest herein provided for no further or other charge or amount whatsoever for any examination, service, brokerage, commission, expense, fee, *insurance premium,* or bonus or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except when a chattel mortgage is recorded, the actual recorder's fee for same may be paid by the borrower."

Since the act in question is primarily for the benefit and protection of the borrower we think that in construing these provisions stress should be laid on "the borrower" and not "the lender." If the words "the borrower" are interpolated in the above no violence is done to the meaning nor can it be said that such was not the basic purpose of the legislature. Thus in the first quoted portion of Section 13 "Every licensee hereunder may lend . . . money . . . and may charge 'the borrower,' contract for 'with the borrower,' and receive thereon 'from the borrower' interest etc." Since the same phraseology is used in the second quoted portion of Section 13, a similar interpolation carries out the intent of the legislature i.e., "no . . . insurance premium . . . shall be directly or indirectly charged 'the borrower,' contracted for 'with the borrower,' or received 'from the borrower.'" This seems particularly appropos when it is noted with reference to the recording fee which may be paid "by the borrower." Thus the meaning of Section 13 is clear and obvious.

In addition it should be noted that these provisions are in the nature of prohibitions on the actions of the lender. They are broad in scope. The primary purpose of Section 13, in our opinion, is to place limitations upon the lender so as to protect the borrower from additional charges over and above those specifically authorized. To permit the lender to "require" credit life insurance as a prerequisite to a loan is to permit him to contract with the borrower, as a part of the contract for loan, that such insurance be furnished.

We think this court should look beyond the mere form of the transaction and to its substance. Stripped of all legal niceties credit life insurance is basically intended for the protection of the lender's principal and interest. As observed in Jernigan, Bank Commissioner v. Loid Rainwater Co., 196 Ark. 251, 117 S.W.2d 18, where the court said:

". . . the fact cannot be disguised that it is not insurance which the borrower wants. His pressing need is for a small loan, which he accepts upon any terms that may be imposed, and it is no service to the borrower to require him to take something he may not want and can ill afford to have, but which he accepts because his necessity permits no alternative."

Counsel for defendant and Amicus Curiae cite a number of cases from foreign jurisdictions wherein the courts have concluded that a requirement of insurance as a condition precedent to a loan does not violate the provisions of the particular Small Loans Act under consideration. None of these acts have the phrase "insurance premium" in them. This phrase is peculiar to the Illinois Act. Many of the Small Loans Acts of other states differ in other particulars of importance. Be this as it may, these cases place emphasis on the lender rather than on the borrower and proceed upon the narrow theory that because the lender does not profit in dollars and cents the practice is not objection-

256

able albeit the borrower is put to additional expenses, burdens and charges. We believe that this concept overlooks the basic purpose generally of the legislation in question. These cases certainly do not apply in view of the express provisions of the Illinois Act.

In passing, we call attention to the fact that in the New York case of Martorano v. Capitol Finance Corp., 289 N. Y. 21, 43 N.E.2d 705, strongly relied upon by counsel for defendants, there is a strong and persuasive dissenting opinion by three of the seven Justices. Also the lower court in passing on the question arrived at the opposite conclusion. And in Maellaro v. Madison Finance Co. of Jersey City, 130 N. J. L. 140, 31 A.2d 485, one of the three Justices based his dissent entirely on the dissent in the New York case.

In the final analysis Small Loans licensees may settle the problem through legislative enactment specifically authorizing them to require life insurance on the life of the borrower in an amount not to exceed the amount of the loan and to receive and transmit the premiums therefore, as was done in the State of Maryland.

■ We conclude that Rule 15 is valid in its entirety. It prevents the identical practices which the act prohibits and therefore carries out the legislative policy and purpose of the act itself. The Circuit Court was in error in holding any part of this rule invalid.

Accordingly the injunction issued by the Circuit Court is dissolved and paragraphs (a) and (c) of Rule 15 of the Rules and Regulations issued by Department of Insurance, Division of Small Loans, effective October 1, 1950, governing the execution and enforcement of the Small Loans Act of Illinois are declared to be valid and enforceable and within the provisions of Sections 13 and 21 of the Small Loans Act of Illinois.

Decree reversed in part and affirmed in part.

HIBBS, J., took no part in this opinion.