In the Matter of the Estate of MAX L. GROSSMAN, Deceased.

Surrogate's Court, Bronx County, March 28, 1931.

*Wegman, Sherwood & Morse*, for the petitioner.

*Joseph Haskell*, for the administratrix.

HENDERSON, S. In this application by an alleged widow of the decedent to revoke letters of administration heretofore granted to another alleged widow, the administratrix impeaches the decree of divorce obtained against her by the decedent in the State of Illinois.

The administratrix and the decedent were married in this State in 1906. They were then residents of and domiciled in this State, and remained such residents and so domiciled until his death in 1930. They lived together in the city of New York until 1924 when the decedent left their home. He, however, paid the rent and fifteen dollars a week for food for the administratrix and their children until she moved to her present home in Brooklyn in 1929. Thereafter, and until his death, he made payments of fifteen dollars per week to their children who went to his place of business in New York city to get it from him.

In 1925 he went to Chicago, Ill., and on January 25, 1926, obtained in the Circuit Court of Cook county, Ill., a decree of divorce against the administratrix on the sole ground of desertion for more than two years and upward. No notice of the suit for this divorce was given his wife except by publication in the Chicago *Daily Law Bulletin* and " by mailing of notice." The respondent did not receive any notice thereof and was never personally served with a summons or any other papers in that suit, nor did she appear therein or submit herself in any way to the jurisdiction of that court. She never heard of any divorce proceeding against her prior to her husband's death. Either before or immediately after the Illinois decree was made, the decedent returned to New York city and married the petitioner, a resident of this State, in the State of Connecticut on February 2, 1926. They continued to reside and be domiciled in the State of New York from that date until his death. There was one child of this second marriage. The petitioner was at the time of this second marriage competent to contract the same, and did so contract in good faith and with the

full belief that the former marriage of decedent with the respondent had been dissolved. This second marriage was contracted by the decedent, while his wife by the former marriage, the respondent, was still living. I hold that the decedent was never domiciled in the State of Illinois and the Illinois decree is invalid (*Fischer* v. *Fischer*, 254 N. Y. 463; *Bell* v. *Bell*, 181 U. S. 175, 177; *Andrews* v. *Andrews*, 188 id. 14, 41); that the former marriage was never annulled or dissolved, and was in force from its inception to the date of decedent's death; that the second marriage is, therefore, a nullity; that the respondent is the widow of the decedent and entitled to the letters of administration heretofore granted her, and that the child of said second marriage is the legitimate child of both its parents.

The petition is dismissed on the merits.

Settle decree accordingly.