52 So.2d 796 (1951)
CITY OF ST. PETERSBURG et al.
v.
PFEIFFER.
No. 21781.
Supreme Court of Florida, Division B.
May 22, 1951.
Lewis T. Wray, Harry I. Young, Frank D. McDevitt and Adrian S. Bacon, all of St. Petersburg, for appellants.
Goldner & Cramer, St. Petersburg, for appellee.
ADAMS, Justice.
Frank E. Pfeiffer was suspended as a fireman of the City of St. Petersburg for a period of 90 days for conduct unbecoming to an employee. The charge was:
"On December 23, 1949 in the presence of other members of the Fire Department, he made derogatory statements concerning the operation and efficiency of the Fire Department of the City of St. Petersburg and the Fire Chief's ability to run said Department. That at said time he likewise made slanderous remarks about the character and conduct of the Chief of the Fire Department. That at said time, in the presence of subordinates of the Chief of the Fire Department, he accused the Chief of the Fire Department as being incompetent and inefficient to operate and run said Department."
The civil service commission of the city was created by virtue of Chapter 18890, Special Acts 1937.
Pfeiffer immediately procured an alternative writ of mandamus to review the order and on final hearing was awarded a peremptory writ restoring him from which an appeal has been taken.
We find no error in the ruling entered by the circuit court. The charge was insufficient to predicate jurisdiction for suspension or removal. It was an expression of Pfeiffer's low opinion of his chief's talents. We approach danger when we allow an employee to be disciplined for criticizing or voicing a want of regard for his superior's abilities. The advent of civil service has cast a different aspect on the relation of employer and employee. Under civil service the employer may no longer summarily discharge an employee. An employee may express himself freely so long as he does not impair the administration of the service in which he is engaged. It is impossible to declare a rigid rule to *797 fit all cases. Every employee owes allegiance to his employer and is duty bound to fulfill his job to the best of his ability. However, when his conduct becomes such as to materially harm the public interest in which he is engaged he forfeits the benefits of the civil service law. Civil Service Law by Field, page 181.
Civil service cannot be expected to compel personal admiration of one's superior. Personal loyalty and esteem is most generally a matter of mutual concern. As to how far an employee may go in heaping criticism upon his superior without injuriously affecting the administration of his department or the public generally, we are unable to declare by absolute rule or law. The facts of each must be considered with due regard to the public interest.
In this case we cannot say that the comments were of such a character or were published in a fashion as to warrant the punishment meted out. The judgment of the lower court in reinstating petitioner was correct and is 
Affirmed.
SEBRING, C.J., CHAPMAN and ROBERTS, JJ., concur.