Bellevue Realty Company, Inc., Plaintiff-Appellee, v. County Board of School Trustees of St. Clair County, Illinois et al. (School District No. 111-Appellant.)

Term No. 58–M–12.

Fourth District.

July 26, 1958.

Released for publication August 13, 1958.

Lindauer, Lindauer, Pessin & Nieman, of Belleville (Curt C. Lindauer, Jr., of counsel) for defendant-appellant.

Jones, Ottesen & Fleming, of Belleville, for plaintiff-appellee.

JUDGE SCHEINEMAN delivered the opinion of the court.

This suit involves a petition to detach a certain unoccupied tract of land from School District No. 111 and to attach it to School District No. 118, all in St. Clair County. This is the second appeal in the same action. The decision on the prior appeal is reported in 7 Ill. App.2d 196, wherein we reviewed and considered the evidence, and the statement of facts will not be repeated here.

The original petition was denied by the County Board of School Trustees, but its decision was reversed on Administrative Review in the circuit court. This was held correct on appeal to this court, but the case was remanded with specific directions to remand to the Board, to require the financial and school reports, etc., to be included, since the Board had failed to include the minimum requirements specified by statute. This was done and the requisite reports were furnished,

but no other evidence was added. The petition was again denied, and the decision was again reversed on Administrative Review.

School District No. 111 brings this appeal on two grounds: first, that the circuit court lacked jurisdiction, and second, that there is substantial evidence to support the finding of the Board of School Trustees.

The jurisdictional point arises as follows: the complaint for Administrative Review was filed, and a summons issued, within the time prescribed by law, but the summons was made returnable in 30 days instead of 35 days, as specified in Supreme Court Rule 101.71 which applies to this type of action. School District No. 111 did not appear until after the case had been heard and the order of reversal entered, but nearly a month later it appeared specially and moved to vacate the order because of the error in the summons.

This motion was sustained, and an alias summons was ordered to issue. After the correct form of summons was served, this defendant again attacked the proceedings on the ground the court could not proceed on a summons issued more than ten days after the administrative decision was served. This refers to Ill. Rev. St., Ch. 110, Sec. 267. The court held otherwise and ruled the defendant to answer. This it did, and after further hearing the final order of reversal was entered.

The cited section requires that the suit be filed and summons issued within the ten day period, but that is not the only reference to the summons. The section further provides: "The form of the summons and the issuance of alias and pluries writs shall be according to rules of the Supreme Court." The defense argument completely ignores this plain and unambiguous provision for the issuance of alias writs according to the rules in effect.

The applicable rules are in Rule 101.4 of the Supreme Court which provide: "On request of any party, the

Clerk shall issue successive alias summonses, regardless of the disposition of any summons or alias summons previously issued." And sub-section 5 provides: "The Court may order the issuance of alias writs regardless of the disposition of writs previously issued."

■■ These rules apply to proceedings under the Administrative Review Act above cited, according to the express provision therein. The effect of the rules is to give the trial court ample authority to allow an alias summons to issue instead of dismissing the suit. Dept. of Public Works and Bldgs. v. Lanter, 413 Ill. 581, 594.

We next consider the additional evidence adduced pursuant to the previous order of this court. Since the tract involved is vacant, no pupils are affected. The financial reports show that the assessed valuation and the annual taxes are an insignificant part of the total in either district. In presenting the figures, the Secretary of the County Board of School Trustees pointed out that the detachment of the tract from District 111, and annexation to District 118, would not materially affect the financial condition of either district, and that the area would be compact and contiguous.

■ In the previous review of this cause we held: "The omission of any showing that this report was furnished, coupled with the fact that the only testimony at the hearing was in support of the petition, left the board's order unsupported by any competent evidence." Since the report now furnished adds nothing substantial, we remain of the opinion that the Board's action was not supported by the evidence, and the trial court was fully justified in so deciding. Accordingly the order is affirmed.

Order affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.