Carol Ann MAGNER, by Alberta C. Magner, her next friend, Plaintiff,

v.

Arthur S. FLEMMING, Secretary of Health, Education and Welfare, Defendant.

United States District Court
S. D. New York.
March 30, 1959.

See also 153 F.Supp. 610.

Warren W. Wells, White Plains, N. Y., for plaintiff. Roderick B. Travis, White Plains, N. Y., of counsel.

Arthur H. Christy, U. S. Atty. for S. D. of New York, New York City, for the United States. Thomas A. Facelle, Jr., Asst. U. S. Atty., New York City, of counsel.

DIMOCK, District Judge.

This is an action brought by an infant plaintiff through her mother as next friend to set aside the determination of the Appeals Council, Social Security Administration, Department of Health, Education and Welfare. The determination which is attacked is that Carol Ann Magner, the infant plaintiff, is illegitimate and therefore not entitled to social

security benefits as the child of her father, George H. Magner. Both plaintiff and defendant, the Secretary of Health, Education and Welfare, have moved for summary judgment.

The claim has a long history. The background was stated by the Court of Appeals for this Circuit when the case was before it under the name of Magner v. Hobby, 2 Cir., 215 F.2d 190, and I shall paraphrase that statement.

George H. Magner, when he died on April 28, 1950, was an insured wage-earner under the Social Security Act, 74th Congress, Sess. 1, ch. 531, August 14, 1935, 49 Stat. 620, as amended. He had been lawfully married to Louise W. Henke in 1911 and an adult child by that wife is living. The plaintiff mother, Alberta, was in 1922 lawfully married to Hubert W. Henke, a brother of Louise W. Henke. In 1934, while both couples were living in Mount Vernon, N. Y., they agreed among themselves that each wife would endeavor to obtain a Mexican divorce so that Mr. Magner and Mrs. Henke could get married. It was left to Mr. Magner to make arrangements to obtain such divorces at his own expense. On May 22, 1934, he wrote to a Mexican lawyer in Juarez, Chihuahua, Mexico, who undertook to obtain both divorces for a stated fee. The lawyer sent papers to the parties in New York, including confessions of jurisdiction by the husbands, and these were signed and returned to him. None of the parties established a residence in Mexico, none even went to Mexico. The lawyer obtained a divorce decree as of June 26, 1934, for each wife in a court at Juarez and sent them to the parties in New York. On June 30, 1934, Mr. Magner and Mrs. Alberta Henke, the plaintiff mother, obtained a marriage license in Greenwich, Conn., and were married there by a Justice of the Peace on July 7, 1934, while his first wife and her first husband were still living.

Thereafter they continued to reside in New York, living together as man and wife until Mr. Magner died. The plaintiff Carol Ann Magner, their child born on November 26, 1936, is now in the care of her mother who has been living in Rye, N. Y., since Mr. Magner died.

Upon Mr. Magner's death, Alberta, plaintiff's mother, made claim for social security benefits for herself as Mr. Magner's widow and for plaintiff as his child. The claim on behalf of Alberta was made under section 202(g) of the Social Security Act, 42 U.S.C. 402(g), and that on behalf of the child was made under sections 202(d) and 216(e) of the Act, 42 U.S.C. §§ 402(d) and 416(e). The claims were denied by the Bureau of Old-Age Survivors Insurance of the Social Security Administration. This determination was reviewed before the Appeals Council of the Social Security Administration which reached the same result in a determination dated October 1, 1951. This action was then brought pursuant to section 205(g) of the Act, 42 U.S.C. § 405(g). The determination of the Appeals Council was reversed by decision of the District Court and the Secretary of Health, Education and Welfare appealed to the Court of Appeals for this Circuit. The Court of Appeals reversed the judgment of the District Court and remanded the cause, Magner v. Hobby, 2 Cir., 215 F.2d 190. The Court of Appeals held that the marriage between George H. and Alberta Magner was invalid so that Alberta was not a widow within the terms of the Social Security Act. With respect to Carol Ann, infant plaintiff herein, however, who is the issue of the union between George and Alberta, the Court of Appeals directed that the Administrator should find the facts pertinent to a decision of legitimacy under section 1135(6) of the Civil Practice Act of the State of New York. In so doing, the Court of Appeals acted under section 216(h) (1) of the Social Security Act, 42 U.S.C. § 416(h) (1), which provides that, in determining whether an applicant is the child of an insured "the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled  *  *  *  or, if

such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death".

Section 1135(6) of the Civil Practice Act, which the Court of Appeals directed the Administrator to apply, reads in part as follows:

"Legitimacy of children. The following provisions govern the effect of declaring a marriage void or annulling a voidable marriage upon the legitimacy of children of. the marriage:

\*     \*     \*     \*     \*     \*

"6. If a marriage be declared a nullity or annulled upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, if it appears, and the judgment determines, that the subsequent marriage was contracted by at least one of the parties thereto in good faith, and with the full belief that the former husband or wife was dead or that the former marriage had been annulled or dissolved, or without any knowledge on the part of the innocent party of such former marriage, a child of such subsequent marriage is deemed the legitimate child of the parent who at the time of the marriage was competent to contract."

It is to be noted that under this provision, where the second marriage has been contracted while one of the spouses of the first marriage is still alive and is thus invalid, if the second marriage has been contracted by at least one of the parties thereto in good faith in full belief that the former marriage has been dissolved, a child of the second marriage is deemed the legitimate child of the parent who, at the time of the marriage, was competent to contract.

The Court of Appeals held that the Mexican divorces were wholly void so that the second marriage was void. Hence neither party to the second marriage was competent to contract. The result was that the part of section 1135

(6) of the Civil Practice Act above abstracted was of no help since neither party to the marriage was competent to contract it. Section 1135(6) goes on, however, to provide as follows:

"If either or both parties to such subsequent marriage were incompetent to contract, the court by the judgment may decide that a child of the marriage is the legitimate child of such an incompetent."

Thus it was within the power of the Secretary in this case to determine that Carol Ann was the legitimate child of either or both of the parties to the subsequent marriage. In remanding the case the Court of Appeals directed that the New York law be applied and continued, 215 F.2d at page 195:

"In so doing the Administrator should find the facts pertinent to a decision of legitimacy under Section 1135(6) of the Civil Practice Act. As such findings have not yet been made so far as now appears, it is necessary to remand for that purpose. The critical fact is whether when the marriage in Connecticut was performed the decedent entered into it in good faith in the belief that his former marriage and that of Alberta had been lawfully dissolved by the Mexican divorces."

On the remand, the Appeals Council, by a decision dated June 24, 1955, found that George H. Magner did not contract the second marriage in good faith with the full belief that the former marriages had been dissolved and further found that the Appeals Council was without power to find in its discretion that Carol Ann was the legitimate child of George H. Magner under the last part of section 1135(6) because such a determination, if made by the courts of the State of New York, could have been made only while the parent was alive.

The case again reached the District Court upon review of this determination of the Appeals Council and, on July 5, 1957, the District Court denied motions for summary judgment and the cause

was again remanded to the Appeals Council. Magner v. Folsom, D.C.S.D. N.Y., 153 F.Supp. 610. The District Court held that the Appeals Council had erred in its determination that it was without power to exercise discretion and determine that Carol Ann was the legitimate child of George H. Magner.

The Appeals Council, by decision dated January 14, 1958, exercised the discretionary authority which the District Court held that it possessed under section 1135(6) of the Civil Practice Act of the State of New York "by determining *not* to decide that Carol A. Magner * * * is, under said section, the legitimate child of George H. Magner, the deceased wage-earner for benefit purposes under Title II of the Social Security Act."

The case now comes before the District Court again on motions for summary judgment by each party.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for review of determinations such as here involved "by a civil action". The review provision continues,

> "As part of its answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive."

The court is faced with two determinations by the Appeals Council: (1) the finding that when the second marriage was performed George H. Magner did not contract it in good faith with the full belief that the former marriages had been dissolved, and (2) a determination not to decide that Carol Ann is the legitimate child of George H. Magner in the exercise of discretion pursuant to the last part of section 1135(6) of the Civil Practice Act.

If it is supported by substantial evidence the first of these determinations is conclusive. Plaintiff argues strenuously and persuasively that there is no substantial evidence in support of the finding but, upon the subsequently explained view that I take of the case, it is unnecessary for me to pass upon that claim.

■ The second determination does not constitute "the findings of the Secretary as to any fact" within the meaning of the review provisions of section 205 (g). It is a conclusion of law: the exercise of the tribunal's power of choice as to the relief it will afford on a basis of facts found. It is the tribunal's reaction to the facts. Hence it is open to the courts to review the second determination.

■ As I read the provisions of section 1135(6) of the Civil Practice Act, however, this exercise of discretion whether or not to decide that a child is legitimate cannot be disassociated from the conclusion as to the good faith of one or more of the parties to the marriage. Section 1135(6) deals with the good faith of the parties and I cannot believe that the New York legislature, by adding the last sentence, intended to leave the question of legitimacy completely · at large for decision without reference to good faith. The last sentence refers to "such subsequent marriage". The "subsequent marriage" dealt with in the first part of section 1135(6) is a subsequent marriage "contracted by at least one of the parties thereto in good faith, and with the full belief * * * that the former marriage had been annulled or dissolved". Thus it seems to me that this court would be powerless to decide that Carol Ann is a legitimate child of George H. Magner unless one or both of the parties to the second marriage contracted it in good faith with the full belief that the former marriages had been dissolved.

As appears above, there is a finding that George H. Magner did not act in good faith and in full belief in the dissolution of the former marriages.

It is unnecessary, however, here to pass upon the validity of that finding. The court is empowered by the last sentence of section 1135(6) to decide that a child of a subsequent marriage is the legitimate child of an incompetent party to it. It is only necessary that the subsequent marriage be contracted by "at least one of the parties thereto" in good faith and with full belief that the former marriage had been dissolved. Thus, if Alberta Magner contracted the second marriage in good faith and in the full belief that George H. Magner's former marriage and her former marriage had been dissolved, this court would be empowered to hold that the issue of that marriage was a legitimate child of each of the parties thereto though each was incompetent to enter into it.

The question arises whether, within the terms of the opinion of the Court of Appeals, the District Court is empowered to base upon Alberta's good faith a decision that Carol Ann is the legitimate child of George H. Magner. The Court of Appeals stated, 215 F.2d at page 195, that the "critical fact" was whether George H. Magner entered into the second marriage in good faith in the belief that the former marriages had been lawfully dissolved. I believe that that statement was made in the light of the fact that the only claim that had been made up to that time was that the child ought to be determined to be legitimate on the strength of the good faith of the father. I can see no reason why the good faith of the mother is not just as "critical".

Alberta was examined at length on three occasions. She testified that she believed the Mexican divorce to be valid and that she entered into the second marriage in good faith. With respect to the Mexican divorce she said "We understood that that was acceptable to the case. They quoted cases, et cetera, that stood. We were to eliminate all the disagreeable aspects of the New York State divorce." The Referee asked her, "So the parties relied on the validity of the Mexican divorces. Was that divorce of George Magner also entered in June of 1934?" and she replied "Yes, the same time Mr. Magner and I went to the same lawyer". In another part of her testimony she told of finding among George H. Magner's papers, on the night before, a lawyer's reference to a case and she said, "this was the case that—one of the cases that was cited to us when we were divorced. We questioned the legality of it, and the lawyer presented that case. Now I assumed that it was checked and so forth." At another point, she said, "What in the world are you going to do? You go to a judge and he tells you that you are legally married. Mr. Magner and I would have, had there been any doubt in our minds about it, we could have—I couldn't have gotten a New York State divorce. I didn't want the stigma made on the father of my other children. We were told by the judge that it was legal, and we were legally married. We are not the kind of people to go out and marry willy nilly."

To this the Referee replied, "I am sure there is not a matter of good faith involved."

I find that the marriage between George H. Magner and Alberta Magner was contracted by Alberta Magner in good faith and with the full belief that the former marriages of herself and of George H. Magner had been dissolved.

I decide that Carol Ann Magner, the child of that marriage, is the legitimate child of George H. Magner.

A form of judgment for plaintiff may be submitted.