11 Ill. App.3d 582 (1973)
297 N.E.2d 316
RAYMOND J. DENDOR, Plaintiff-Appellee,
v.
THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF NORTHBROOK et al., Defendants-Appellants.
No. 55973.
Illinois Appellate Court  First District (2nd Division).
April 10, 1973.
*583 *584 Ross, Hardies, O'Keefe, Babcock & Parsons, of Chicago, (Frederic O. Floberg, of counsel,) for appellants.
Gordon & Brustin, Ltd., of Chicago, (Robert E. Gordon, of counsel,) for appellee.
Judgment affirmed.
Mr. JUSTICE LEIGHTON delivered the opinion of the court:
This is the case of a village fireman who was discharged because he made derogatory statements about his superior and about the volunteer force of the village fire department. Aggrieved by this action, the fireman, appellee Raymond J. Dendor, filed complaints against appellants Board of Fire and Police Commissioners of the Village of Northbrook, Lowell Mueller and Kenneth Truelson, for administrative review of the Board's decision. After hearing the parties and reviewing the Board's proceedings, the trial court ordered that Dendor "* * * be reinstated in the Village of Northbrook Fire Department instanter, and in the alternative reversed and remanded [sic]." Appellants present two issues, one procedural and the other substantive. A summary of the facts will disclose the origin and nature of these issues.

I.
On January 24, 1970, Dendor was a property owner, resident and fireman in the fire department of the Village of Northbrook, Illinois. At about 11:00 A.M. that day, he went to the Village Hall where the village trustees were holding a public meeting. Officials of the village knew that Dendor had expressed dissatisfaction with the leadership of the fire department. He was recognized and said to the trustees, "Right now, you [the president and the trustees] are shedding your responsibility to the Village by not giving us adequate fire protection." Referring to his superior, the fire marshal, Dendor said, "If you allow him to stay here longer, there will be incredible damage. The chief just can't handle a regular fire department. He doesn't know how." Then, referring to the volunteer force of the department, Dendor said, "[I]f the Board of Trustees continues with the volunteer force, it will end in disaster."
*585 Shortly after this meeting, February 3, 1970, Dendor was suspended without pay, and charges calling for his dismissal from the fire department were filed with the Board of Fire and Police Commissioners of the Village of Northbrook at its main office, Village Hall, 1225 Cedar Lane, Northbrook, Illinois. In proceedings that followed, the Board received exhibits and heard the fire marshal, the village manager, the director of public works, two senior members of the fire department, Dendor and three witnesses called by him: one the chief of a fire department in which he had served and two Village of Northbrook firemen. It took the case under advisement. On March 7, 1970, the Board made its finding and decision that Dendor's conduct in making derogatory statements concerning the competency of the fire marshal, his lawful superior, and respecting the volunteer fire department of the village, required that he be discharged from his position as a fireman and as a member of the fire department of the village.
Thirty days later, Dendor, invoking the Administrative Review Act, filed his complaint to review the Board's decision. That act requires that review of an administrative decision "* * * be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1969, ch. 110, par. 267.) The act also provides that "[i]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1969, ch. 110, par. 271.) As to summons, "service on the administrative agency shall be made by the clerk of the court by sending a copy of the summons addressed to the agency at its main office in the State." A sentence in the paragraph governing service of summons provides that "[t]he plaintiff, shall, by affidavit filed with the complaint, designate the last known address of each defendant upon whom service shall be made." Ill. Rev. Stat. 1969, ch. 110, par. 269.
Although the fire marshal of the Village of Northbrook was the complainant before the Board, Dendor did not name him a defendant in the complaint. Dendor did not file the affidavit required by Ill. Rev. Stat. 1969, ch. 110, par. 269. The clerk did not serve the Board with summons by sending it a copy addressed to its main office. Instead, a copy of a summons in administrative review was addressed to "Thomas C. Cravens, Jr., 200 S. Michigan Ave." The record discloses that in the proceedings in question, Thomas C. Cravens, Jr. was chairman of the Village of Northbrook Board of Fire and Police Commissioners. However, "200 S. Michigan Ave." was neither his domicile nor his place of business.
*586 On May 12, 1970, in a special appearance, Board led a motion in which it alleged that summons had not been served on it as required by the Administrative Review Act; that Thomas C. Cravens, Jr., on whom summons was served, did not have an address where he was served; that in his complaint, Dendor did not make defendants all persons who were parties to the record being reviewed; nor, as required by the act, did he file an affidavit designating the last known address of each defendant on whom service of summons was to be made. Therefore, Board prayed that because of these failures to comply with the Administrative Review Act, Dendor's complaint should be dismissed. The trial court did not rule; it took the motion with the case and gave Board leave to file its answer within 28 days. On August 3, 1970, Board filed its answer which, as required by the act, included the entire record of the proceedings that led to Dendor's discharge.
Then on November 23, 1970 the trial court denied Board's motion and granted Dendor leave to file an amended complaint joining additional parties with alias summons to issue. Board was served with summons at its main office; and in the amended complaint, Dendor added the fire marshal as a defendant. The marshal, however, filed a motion to dismiss in which he alleged that he no longer held that office in the Village of Northbrook. Dendor then asked and the court granted him leave to file a second amended complaint that added the acting fire marshal as a defendant. Thus, long after 35 days from the date Board's decision was served on Dendor, summons were served on the Board and the necessary parties defendants were before the court.
The acting fire marshal, instead of answering Dendor's second amended complaint, filed a motion which in substance was the first motion to dismiss which Board had filed. On March 9, 1971, the trial court denied the motion and allowed Board's answer to stand as the answer of the acting fire marshal. Then, having reviewed the record, heard arguments of counsel and considered memoranda of law filed by the parties, the trial court reversed the Board's decision and ordered that Dendor be reinstated as a fireman in the Village of Northbrook fire department.

II.
The procedural issue, therefore, is whether the trial court erred in denying the motions to dismiss Dendor's complaints. Appellants contend that in this action for judicial review of his discharge, Dendor did not comply with the Administrative Review Act: within 35 days of its decision, summons were not served on the Board; the affidavit required by the act was not filed; all defendants were not made parties. Therefore, the trial court erred in not dismissing Dendor's complaints.
*587  1-3 We do not agree. It is provided in the Administrative Review Act that "[t]he form of the summons and the issuance of alias and pluries writs shall be according to rules of the Supreme Court." A rule of the Supreme Court requires that "[o]n request of any party, the clerk shall issue successive alias summonses, regardless of the disposition of any summons or alias summons previously issued." Supreme Court Rule 103(a)(e), Ill. Rev. Stat. 1969, ch. 110A, par. 103(a)(e). The trial court had the authority to issue alias summonses even after expiration of the 35 days for commencing the action for review. (Compare Bellevue Realty Co. v. County Board of School Trustees, 18 Ill. App.2d 295, 152 N.E.2d 203.) In addition, the trial court had the authority to allow amendments to be filed by Dendor "[a]t any time before final judgment * * * on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant * * *." (Ill. Rev. Stat. 1969, ch. 110, par. 46(1); see Ill. Rev. Stat. 1969, ch. 110, par. 277.) These statutes did not require that the filing of the affidavit and the joinder of necessary parties defendant be done within the 35 day limitation for filing of the complaint. (Sokolis v. Zoning Board of Appeals of Springfield, 21 Ill. App.2d 178, 157 N.E.2d 427.) Compliance with the 35 days time requirement of the Administrative Review Act is determined by the filing of the complaint. (Hailey v. County Board of Schools Trustees, 21 Ill. App.2d 105, 157 N.E.2d 570.) This being so, Dendor did not fail to comply with the Administrative Review Act. Therefore, denial of appellants' motions to dismiss was not error.

III.
 4, 5 The substantive issue is whether the trial court erred in reversing the Board's decision to fire Dendor. Resolution of this issue depends on the Board's reasons, supported by substantial evidence. (Fantozzi v. Board of Fire & Police Comm'rs of Villa Park, 35 Ill. App.2d 248, 182 N.E.2d 577.) The authority given the Board to remove Dendor for cause was not an arbitrary power; it was as authority to be exercised on just and reasonable grounds. (Fantozzi v. Board of Fire & Police Comm'rs of Villa Park, 27 Ill.2d 357, 189 N.E.2d 275; Ill. Rev. Stat. 1969, ch. 24, par. 10-2.1-17.) Therefore, we look at the Board's decision. Its reasons are stated in the last of four paragraphs.
"4. That [Dendor's] conduct during the approximately ten and one-half months he has been a member of the Fire Department of the Village of Northbrook, Illinois, and particularly his derogatory statements respecting the competency of the Fire Marshal of the Village of Northbrook, who is his lawful superior, and respecting the competency of the Volunteer Fire Department of *588 the Village of Northbrook, which derogatory statements were made both at a meeting of the Board of Trustees of the Village of Northbrook, Illinois which was open to the public, including the press, and also at another time or times in the presence of other members of the Fire Department, have had such an adverse and undesirable effect that his continuance in the service of the Fire Department of the Village of Northbrook would be seriously detrimental to the discipline, morale and efficiency of the Fire Department of the Village of Northbrook, Illinois."
 6-8 It is settled that in reaching this decision, the Board should have made findings of fact. (Rogenski v. Board of Fire and Police Comm'rs of Moline, 6 Ill. App.3d 604, 285 N.E.2d 230; Sudduth v. Board of Fire & Police Comm'rs 48 Ill. App.2d 194, 198 N.E.2d 705.) Findings of fact are determinations, from the evidence of a case, either by a court or an administrative agency, concerning the facts averred by one party and denied by another. (See C.I.T. Corp. v. Elliott (1945), 66 Idaho 384, 159 P.2d 891; Magner v. Flemming (D.C.N.Y. 1959), 172 F. Supp. 299, 302.) From this definition, it is obvious that the Board did not make findings of fact. For example, it did not find when it was that Dendor "* * * at another time or times in the presence of other members of the Fire Department * * *" made derogatory statements concerning his superior and the volunteer force of the village fire department. It did not find how, in what way and in what manner Dendor's derogatory statements had an adverse and undesirable effect on the village fire department.
More importantly, the Board did not find that the derogatory statements were false and knowingly and recklessly made by Dendor. (See Pickering v. Board of Education of Twp. H.S. Dist. 250 (1968), 391 U.S. 563, 20 L.Ed.2d 811, 88 S.Ct. 1731; Note, The First Amendment and Public Employees: Times Marches On, 57 Geo. L.J. 134, 149 (1968-1969).) It did not find, and describe by such finding, the kind of harm inflicted on the village fire department by Dendor's derogatory statements. Nor did the Board find that Dendor was insubordinate or that he violated any rule or policy of the village. Therefore, it appears that the Board discharged Dendor only because, at a public meeting and in the presence of fellow firemen, he made derogatory statements concerning his superior and the village fire volunteers. The question we must decide is whether under these circumstances the discharge of a public employee is consistent with the First Amendment to the Constitution of the United States.
 9-11 We begin with the premise that although a public employee *589 does not have a constitutional right to such employment, he cannot be barred or removed from that employment arbitrarily or in disregard of his constitutional rights. (Fort v. Civil Service Com. of County of Alameda (1964), 38 Cal. Rptr. 625, 392 P.2d 385.) It can be said with equal certainty that acceptance of public employment is not an abandonment of constitutionally protected rights. (Belshaw v. City of Berkeley (1966), 246 Cal. App.2d 493, 54 Cal. Rptr. 727.) With regard to the right of free speech, a public employee may speak freely, as long as he does not impair the administration of the public service in which he is engaged. City of St. Petersburg, et al. v. Pfeiffer (Fla. 1951), 52 So.2d 796.
 12, 13 Of course, a governmental unit like the Village of Northbrook can regulate the speech of its employees either by a rule or, as in this case, by a ruling that affects the employment status. However, when it does and we are asked to determine the validity of the rule or ruling, we weigh the impairment of free speech against both the governmental interest and the substantiality of the threat which the forbidden speech represents. (See Los Angeles Teachers Union v. Los Angeles City Board of Education (1969), 78 Cal. Rptr. 723, 455 P.2d 827.) In this process, the governmental unit has the burden of proving that the forbidden speech rendered the speaker unfit for public service, or so adversely affected the public service involved that it justifies impairment of free speech. (See Brukiewa v. Police Comm'r of Baltimore (1970), 257 Md. 36, 263 A.2d 210; Klein v. Civil Service Com. of Cedar Rapids (1967), 260 Iowa 1147, 152 N.W.2d 195.) These constitutional principles are nurtured by the policy that the public has an interest in the free speech rights of its employees. See Kiiskila v. Nichols (7th cir. 1970), 433 F.2d 745, 748-749.
 14 In City of St. Petersburg v. Pfeiffer (Fla. 1951), 52 So.2d 796, a case we have cited, a fireman was given a 90-day suspension because he, Dendor, made derogatory statements concerning the operation and efficiency of the city fire department and of his fire chief's ability to run the department. It was charged that the fireman made slanderous remarks about the fire chief. It was said that in the presence of subordinates, the fireman accused the chief of being incompetent and inefficient. In reviewing a judgment that ordered the fireman's reinstatement, the Supreme Court of Florida held that "[t]he charge was insufficient to predicate jurisdiction for suspension or removal. The derogatory statement was an expression of Pfeiffer's low opinion of his chief's talents. We approach danger when we allow an employee to be disciplined for criticizing or voicing a want of regard for his superior's abilities. * * * An employee may express himself freely so long as he does not impair *590 the administration of the service in which he is engaged." (52 So.2d 796.) We reach the same conclusion in this case. Therefore, the judgment reversing Dendor's discharge is affirmed.
Affirmed.
STAMOS, P.J., and SCHWARTZ, J., concur.